**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Thomas M. REED, Appellant**

**No. 10 WAP 2016**

Supreme Court of Pennsylvania.

ARGUED: March 7, 2017

August 22, 2017

Philip Gelso, Esq., for PA Association of Criminal Defense Lawyers, Amicus Curiae.

Kevin Francis McCarthy, Esq., Allegheny County District Attorney's Office, for Pa. District Attorney's Association, Amicus Curiae.

Samuel C. Stretton, Esq., for Reed, Thomas M., Appellant.

William Joseph Conyngham, Esq., Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C., for Collateral Consequences Resource Center, Appellant Amicus Curiae.

John Jacob Hare, Esq., Marshall, Dennehey, Warner, Coleman & Goggin, P.C., for Social Science Scholars, Appellant Amicus Curiae.

be included in the calculation or reckoning
. . .
25 P.S. § 2603(e).

Jason A. Leckerman, Esq., Ballard Spahr LLP, for Assoc. for Treatment of Sexual Abusers, etc. and Joseph J. Peters Inst., Appellant Amicus Curiae.

Aaron Joshua Marcus, Esq., Defender Association of Philadelphia, for Defender Association of Philadelphia, Appellant Amicus Curiae.

Ryan James Dobo, Esq., Clearfield County District Attorney's Office, for Commonwealth of Pennsylvania, Appellee.

William A. Shaw Jr., Esq., for Commonwealth of Pennsylvania, Appellee.

## ORDER

PER CURIAM

**AND NOW**, this 22nd day of August, 2017, the decision of the Superior Court is REVERSED. *See Commonwealth v. Muniz,* —— Pa. ——, 164 A.3d 1189, 2017 WL 3173066 (2017).

Chief Justice Saylor files a concurring statement.

Justice Mundy files a concurring statement.

## *CONCURRING STATEMENT*

CHIEF JUSTICE SAYLOR

Although I dissented in the controlling case, *Commonwealth v. Muniz,* —— Pa. ——, ——, 164 A.3d 1189, 1228, 2017 WL 3173066 (2017) (Opinion Announcing the Judgment of the Court), I recognize that there was a majority consensus in that decision to the effect that SORNA exacts punishment and retroactive application of the enactment violates constitutional norms. Accordingly, while I have expressed my disagreement with these prop-

ositions, see *id.* at ——, 164 A.3d at 1232–39, *34–39 (Saylor, C.J., dissenting), I join the present *per curiam* order based on the prevailing precedent.

## CONCURRING STATEMENT

JUSTICE MUNDY

I agree that in light of this Court's recent decision in *Commonwealth v. Muniz,* —— Pa. ——, 164 A.3d 1189, 2017 WL 3173066 (2017), the Superior Court erred in rejecting Appellant's argument that SORNA is an ex post facto law.[1] However, if I were writing on a blank slate, I would conclude that SORNA does not violate the Ex Post Facto Clauses of the Federal and Pennsylvania Constitutions.

I have previously expressed my views in this area in *Commonwealth v. Perez,* 97 A.3d 747 (Pa. Super. 2014). Therein, the Superior Court balanced the factors articulated under *Kennedy v. Mendoza-Martinez,* 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963). The panel concluded that SORNA's requirement that an offender appear physically in person to regularly update his or her information was "an affirmative restraint," weighing in favor of concluding SORNA was punitive, and therefore an ex post facto law. *Perez,* 97 A.3d at 754. However, the court also concluded that the other six factors did not weigh in favor of concluding SORNA was punitive. See id. 754–58. Balancing these factors, *Perez* concluded that SORNA was not punitive, and therefore not an ex post facto law under the Federal Constitution.[2] Id. at 758–59.

I continue to believe that *Perez* was correctly decided and struck the proper balance under controlling cases from the Supreme Court of the United States. I therefore disagree with *Muniz*'s conclusion that SORNA violates the *Ex Post Facto* Clause of the Federal Constitution. Even assuming that *Muniz*'s federal constitu-

---

**1.** I did not participate in *Muniz,* which was argued with *Commonwealth v. Gilbert,* 48 MAP 2016, a case in which I participated on the Superior Court.

**2.** The panel did not address Perez's claim under the Pennsylvania Constitution, due to his failure to conduct an analysis pursuant to *Commonwealth v. Edmunds,* 526 Pa. 374, 586 A.2d 887 (1991) in his brief. *See Perez,* 97 A.3d at 759–60.

tional analysis was correct, its analysis should have properly ended there, since any claim under the Pennsylvania Constitution is moot. *See generally Pap's A.M. v. City of Erie*, 553 Pa. 348, 719 A.2d 273, 281 n.12 (1998) (concluding that since a local ordinance violated the First Amendment of the Federal Constitution, there was no need to consider whether the ordinance also violated the Pennsylvania Constitution), *rev'd*, 529 U.S. 277, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000). Since the Court decided to reach that argument, I agree with Justice Wecht that the *Ex Post Facto* Clause of the Pennsylvania Constitution does not provide higher protections than its federal counterpart. *See Muniz*, at 1223–32, *26–33 (Wecht, J., concurring).

Although I disagree with *Muniz*'s conclusions, they are now the law of this Commonwealth. As such, they must be applied in a meaningful way. No sensible reading of *Muniz* would permit the Superior Court's contrary judgment to stand. I therefore join the Court's order in this case, because it correctly applies *Muniz* and reverses the Superior Court's order in this regard.